UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    09 cv 4482
---------------------------------------------------------X    Judge Gardephe
CHE JOHN

                       Plaintiff,      **COMPLAINT**

      -against-

NEW YORK CITY and POLICE OFFICER DIAZ
and UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS.

                                                              **JURY TRIAL DEMANDED**

                       Defendant(s).
---------------------------------------------------------X

      The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1      Jurisdiction is founded upon the existence of a Federal Question.

2      This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to the laws of the State of New York.

3      Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4      Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1).

5      That this Court has jurisdiction to hear plaintiffs' state claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

6      That the plaintiff, CHE JOHN, is a resident of the County of Brooklyn in the City and State of New York and that he is an African-American male.

7      Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendant

POLICE OFFICER DIAZ was acting for, upon, and in furtherance of the business of his employer and within the scope of his employment.

8    Upon information and belief, that at all times hereinafter mentioned, defendant was employed by the defendant, NYC, as a member of its police department.

9    Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including the police officer thereof.

10    The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11    This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

12    Each and all of the acts of the defendant alleged herein were done by the defendant, acting as state actor acting under the color of law.

## STATEMENT OF FACTS

13    On April 1, 2007 at approximately 5:00 am plaintiff was near 900 Sheffield Ave., in Brooklyn, New York as he was leaving a club with several friends.

14    One of plaintiff's friends urinated on a street corner and in response a police officer became physically aggressive with his friend.

15    Plaintiff, with friends, observed the situation at a distance.

16    Defendant Police Officer Diaz then approached the group of friends and proceeded to pull out his night stick and proceed to shove and push plaintiff to the ground.

17    Plaintiff asked Officer Diaz why he was behaving in such a manner.

18        Diaz did not respond and instead he proceeded to punch the plaintiff and shove him to the ground again.

19        After plaintiff got off of the ground, defendant Diaz again pushed plaintiff to the ground.

20        Diaz was out of control hitting and pushing males and females despite the fact that none of the group was doing anything wrong, and despite the fact that all the officers at the scene did not see the necessity to take any action at all against the group, much less the out of control action Diaz undertook against both the men and women in the orderly group of professional people on the scene.

21        Plaintiff was arrested despite not having committed a crime.

22        Plaintiff was brought to the 75th precinct where he was kept in cell for over 17 hours without food, water, and without being given a phone call.

23        The plaintiff was accused of the crimes of PL 110/120.00-1 Attempted Assault in the Third Degree PL120.15 Menacing in the Third Degree PL 195.00-1 Official Misconduct PL 205.30 Resisting Arrest PL 240.20-1 Disorderly Conduct and PL 240.26-1 Harassment in the Second Degree.

24        Plaintiff made numerous court appearances over a period of almost an entire year before the false charges against him were dismissed on March 23, 2008.

25        That on or about May 30, 2008, a notice of claim was served on the Comptroller of the City of New York on behalf of plaintiff, and that as of this date plaintiff's demand for payment has not yet been addressed by the defendants, nor has a 50-H hearing yet been conducted.

26        That more than thirty days have elapsed since the service of the aforementioned notices of claims for the plaintiffs and that adjustment or payment thereof has been neglected or refused.

27        That the state claim in this cause of action is commenced within one year and ninety days of when this cause of action arose as to plaintiff and that the federal claims are brought in a timely manner within three years of the date they accrued.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
### FALSE ARREST

28    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

29    That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

30    That the defendant confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

31    As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's right to be free from arrest without probable cause.

32    That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

33    That the several defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to commence and continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

34    That by reason of the false arrest, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he incurred attorneys' fees, he was forced to appear in court and he was subjected to numerous other harms.

35    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, they are entitled to awards of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
MALICIOUS PROSECUTION**

36   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37   That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was maliciously prosecuted by the defendants.

38   That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal of all the false charges and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

39   That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he incurred attorneys' fees, he missed work, he was forced to make numerous court appearances over a period of almost an entire year and he was subjected to numerous other harms.

40   That defendants Unidentified New York City Police Officers who are supervisors within the defendant NYC's Police Department, who knew of the malicious prosecution and who continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment.

41   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, he is entitled to an award of punitive

damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### THE LAW OF THE STATE OF NEW YORK VIA A
### MALICIOUS PROSECUTION

42      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43      That plaintiff's rights have been violated, pursuant to the law of the State of New York via a malicious prosecution by the defendants.

44      That the defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior*.

45      That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

46      That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal and in that the action was commenced and continued intentionally, with malice and with deliberate indifference to plaintiff's rights.

47      That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he incurred attorneys' fees, he missed work, he was forced to make numerous court appearances over a period of almost an entire year and that he was subjected to numerous other harms.

48      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND($500,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
### VIA EXCESSIVE AND UNREASONABLE FORCE
### AND UNREASONABLE TERMS OF HIS CONFINEMENT

49      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

50      That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants as well as to unreasonable terms and conditions of his confinement by the defendants.

51      That the said behavior was effected by the defendants without authority of law and without any reasonable necessity to use any force and that the force employed was used without legal justification, without plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

52      That the defendants intentionally and maliciously withheld food and drink from the plaintiff and in denying him access to a telephone constituted an unreasonable confinement.

53      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force and unreasonable terms and conditions of his confinement.

54      That by reason of the violations of his Constitutional rights the plaintiff was harmed physically as he suffered scraps and bruises and he was harmed emotionally suffering humiliation, embarrassment, anxiety, and he was subjected to various emotional harms, and that he was otherwise harmed.

55      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, and he is entitled to an award of punitive

damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and punitive damages on the First Cause of Action; and in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the Second Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Third Cause of Action; and in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, and punitive damages on the Fourth Cause of Action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on plaintiff's federal causes of actions together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: May 11, 2009
New York, New York

/ s /
FRED LICHTMACHER (FL-5341)
Attorney for Plaintiff
The Empire State Building
350 5th Avenue Suite 7116
New York, New York 10118
(212) 922-9066

To:   Michael Cardozo
      Corporation Counsel City of New York
      100 Church Street
      New York, New York 10007