**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x

**CHE JOHN,**

                         **Plaintiff,**

      -against-

**NEW YORK CITY and POLICE OFFICER DIAZ and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS.**

                         **Defendants.**

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK AND DIAZ TO PLAINTIFF'S COMPLAINT**

09 Civ. 4482 (PGG)

**JURY TRIAL DEMANDED**

        Defendants City of New York ("City") and Police Officer Diaz, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows.

        1.   Deny the allegations set forth in paragraph "1" of the complaint, except admit that purports to invoke the jurisdiction of the Court as stated therein.

        2.   Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.   Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.   Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.   Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation, and further admit that defendant Diaz is employed by the City of New York as a Police Officer.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant Diaz is employed by the City of New York as a Police Officer.

9. Deny the allegations set forth in paragraph "9" of the complaint, and respectfully refer the Court to the New York City Charter and the Administrative Code for the relationship between the City of New York and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, and respectfully refer the Court to the New York City Charter and the Administrative Code for the relationship between the City of New York and the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to proceed as stated therein.

12. State that the allegations set forth in paragraph "12" of the complaint constitute legal conclusions and do not contain averments of fact to which a response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was arrested.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was transported to the 75th Precinct.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that a document purported to be a Notice of Claim was received by the City of New York on June 27, 2007.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that more than thirty days has elapsed since June 27, 2007.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that according to the docket sheet, plaintiff's complaint was filed with the Court on May 11, 2009.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint, except admits that plaintiff purports to seek relief as stated therein.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

56. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

57. Defendants City and Diaz have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

58. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City or Diaz.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

60. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

61. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

62. Plaintiff has failed to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

63. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

64. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

65. Defendant Diaz has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

66. At all times relevant to the acts alleged in the complaint, defendant Diaz acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE,** defendants City and Diaz request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
August 3, 2009

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants City & Diaz
> 100 Church Street
> New York, New York 10007
> (212) 788-0906
>
> By:         /s/
>     Shawn D. Fabian (SF4606)
>     Assistant Corporation Counsel
>     Special Federal Litigation Division

To:  Fred Lichtmacher, Esq. (By ECF)
*Attorney for Plaintiff*
The Empire State Building
350 Fifth Avenue, Suite 7116
New York, New York 10118